ORIGINAL

FILED
HARRISBURG, PA

SEP 1 8 2002

MARY E. D'ANDREA, CLERK
Per _____
          Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBIN COSTENBADER-JACOBSON<br>Plaintiff | : | |
| vs. | : | CIVIL ACTION NO. 1:CV-00-1269 |
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF REVENUE, PENNSYLVANIA LOTTERY, ROBERT A. JUDGE, SR., DANIEL L. COOK<br>Defendants | : | (Judge Kane) |

**PRETRIAL MEMORANDUM**

Pursuant to the Court's June 13, 2002 Scheduling Order, Plaintiff by her counsel, Hartman, Hartman, Howe & Allerton, P.C., respectfully submits this Pretrial Memorandum in accordance with Local Rule 16.1 (c).

Date conference was held by counsel: August 23, 2002

1

A.  **BRIEF STATEMENT AS TO FEDERAL COURT JURISDICTION**

This Honorable Court possesses subject matter jurisdiction pursuant to 28 U.S.C.A. §1331 and 28 U.S.C.A. §1343. Count V and Count VI of Plaintiff's Complaint are §1983 claims pursuant to 42 U.S.C. §1983. As such, Count V and Count VI of the Complaint constitute federal question jurisdiction.[1]

B.  **STATEMENT OF FACTS AND CONTENTIONS AS TO LIABILITY**

Plaintiff Robin Costenbader-Jacobsen was hired by the Ridge administration as the Deputy Executive Director of the Pennsylvania Lottery on December 1, 1997. Plaintiff Costenbader-Jacobsen had extensive experience in marketing and advertising and she was hired to perform these functions for the Pennsylvania Lottery.

Plaintiff Costenbader-Jacobsen served as the sole female employee in the executive staff of the Pennsylvania Lottery at the time she commenced work in January, 1998. She was subjected to improper comments and jokes of a sexual nature made by Defendant Daniel Cook. Plaintiff Costenbader-Jacobsen was embarrassed, frightened, and bewildered by the unprofessional conduct and overt acts and suggestive sexual comments made by Defendant Cook at that time. Plaintiff attempted to discuss her concerns regarding the work environment with Daniel Cook and this further agitated the antagonistic conduct of Defendant Cook. Costenbader-Jacobsen subsequently brought her concerns to the attention of Revenue Secretary Judge. Secretary Judge indicated to Cook and Costenbader-Jacobsen that the parties had to work together.

---

[1] Counts I-IV of Plaintiff's Complaint were withdrawn and/or dismissed during dispositive motion practice. The remaining Counts are V and VI of Plaintiff's Complaint.

2

Throughout the course of 1998, Defendant Cook continued to subject Costenbader-Jacobsen to discriminatory and unprofessional treatment and refused to delegate any responsibilities to Costenbader-Jacobsen, to meet with Costenbader-Jacobsen to discuss the marketing activities of the Pennsylvania Lottery and in general attempted to freeze her out of all lottery activities. Costenbader-Jacobsen met with Revenue Secretary Judge or Deputy Secretary Drew on March 5, 1998, May 27, 1998, and June 8, 1998 regarding the nature of Cook's retaliatory conduct directed against her. Costenbader-Jacobsen prepared a Memorandum to Deputy Revenue Secretary Drew on June 30, 1998 and wrote a letter to Revenue Secretary Judge on July 1, 1998 setting forth the discrimination she encountered and the improper and unprofessional sexual comments provided by Lottery Director Cook. As a result of these correspondences, Deputy Revenue Secretary Drew conducted a meeting on July 16, 1998 with Costenbader-Jacobsen and Cook wherein the issues set forth in the Memorandum and letter were discussed.

Throughout the remainder of the summer and fall of 1998, the unprofessional work environment and the exclusion by Cook of allowing Costenbader-Jacobsen to participate or perform her duties as Deputy Executive Director persisted and intensified. Absent receiving any intervention from Secretary of Revenue Judge, or finding any alteration in the unprofessional conduct of Defendant Cook, Costenbader-Jacobsen filed a Complaint regarding her disparate treatment to the Pennsylvania Human Relations Commission in October, 1998. The Complaint was served on the Department of Revenue on or about December 10, 1998.

Upon receiving the Pennsylvania Human Relations Commission Complaint, Revenue Secretary Judge took immediate steps to terminate Costenbader-Jacobsen's employment. Costenbader-Jacobsen was subsequently terminated on February 11, 1999. Costenbader-Jacobsen did not receive any written reviews during her tenure with the Pennsylvania Lottery. Secretary Judge offered a letter dated February 2, 1999 that purportedly justified the termination of Costenbader-Jacobsen setting forth reasons why she failed to perform in her job. Despite the foregoing, Costenbader-Jacobsen's performance was never specifically raised as an issue to her and she was not informed on February 11, 1999 of any performance reason for termination.

Costenbader-Jacobsen contends that Defendant Cook and Defendant Judge are liable for promoting and condoning an unprofessional and sexually explicit workplace wherein Costenbader-Jacobsen was disparately treated due to her status as a woman. Costenbader-Jacobsen was prevented from performing her job duties due to the retaliatory and unprofessional actions of Defendant Cook, and her efforts to professionally address her grievances were ignored and disregarded by Defendant Cook and Defendant Judge.

Costenbader-Jacobsen also contends that her firing in February, 1999 is the pretextural result of her filing a Complaint before the Pennsylvania Human Relations Commission in December of 1998. Pursuant to the First Amendment of the United States Constitution, Costenbader-Jacobsen has the right to publicly state her grievance regarding the disparate treatment she received as an employee of the Pennsylvania Lottery via filing a Complaint before the Pennsylvania Human Relations Commission. Costenbader-Jacobsen also contends that Defendant Cook and Defendant Judge, while acting under the color of state law, improperly treated her due to her gender status and improperly terminated her due

to the filing of the Pennsylvania Human Relations Commission Complaint. Accordingly, Costenbader-Jacobsen contends that Defendants are liable under the damage provision of 42 U.S.C. §1983.

C. STATEMENT OF UNDISPUTED FACTS

The parties have prepared a Joint Statement of Undisputed Facts pursuant to Local Rule 16.3. A true and correct copy is attached to Defendants' Pretrial Memorandum and is incorporated by reference as though fully set forth herein.

D. DAMAGES

1. Back Pay = $83,750
2. Front Pay = $1,250 per month (Jury to determine exact amount)
3. Compensatory Pay (pain, humiliation, embarrassment, etc.) (Jury to determine amount)
4. Interest on judgment
5. Attorneys' fees: currently $62,929 (still accruing)
6. Punitive damages (Jury to determine exact amount)

E: WITNESSES

The following witnesses are anticipated to be called by Plaintiff:

| | |
|---|---|
| Deborah Butler (Administrative Assistant) | Department of Revenue Bureau of Pa. State Lottery 2850 Turnpike Industrial Drive Middletown, PA 17057-5491 |
| Daniel Cook (Retired) | 636 Easton Road Riegelsville, PA 18077 |
| Robin Costenbader-Jacobsen (Plaintiff) | 600 N. Fifth Street Reading, PA 19601 |
| Sally Danyluk | Mechanicsburg, PA |

5

| | |
|---|---|
| Barry Drew<br>(Deputy Secretary for<br>Administration) | Department of Revenue<br>Executive Offices<br>1121 Strawberry Square<br>Harrisburg, PA 17128-1100 |
| John Greecher<br>(Retired) | 5265 Deerfield Avenue<br>Mechanicsburg, PA 17050 |
| Mel Jacobsen<br>(Plaintiff's husband) | 600 N. Fifth Street<br>Reading, PA 19601 |
| Robert A. Judge, Sr.<br>(Retired) | 25 Twin Creeks Drive<br>Thornton, PA 19373 |
| Albert Taylor<br>(Retired) | 1675 Wyntre Brooke North<br>York, PA 17403 |
| Edward Trees | Department of Revenue<br>Bureau of Pa. State Lottery<br>2850 Turnpike Industrial Drive<br>Middletown, PA 17057-5491 |

Plaintiff reserves the right to call any witness listed by Defendant in her rebuttal case, if any.

F.  **EXPERT WITNESS TESTIMONY**

None.

G.  **SPECIAL COMMENTS**

None.

H.  **LEGAL ISSUES INVOLVED.**

Plaintiff's cause of action includes two Counts filed under the Civil Rights Act of 1871, codified at 42 U.S.C. §1983. *Hafer v.* Melo, 502 U.S. 21, 116 L.Ed. 2d 301, (1991). First, Plaintiff claims that Defendants Robert Judge and Daniel Cook, acting under the

6

color of state law, retaliated against her for exercising her First Amendment right to free speech. *Bennis v. Gable,* 823 F.2d 723 (3d. Cir. 1987). Specifically, Plaintiff claims that Defendants retaliated against her after she made repeated complaints regarding her belief that she was being subjected to unfavorable treatment because of her gender. *Azzaro v. County of Allegheny,* 110 F. 3d 968 (3d. Cir. 1997), *Anderson v. Davila,* 125 F. 3d 148 (3d. Cir. 1997). These retaliatory acts occurred during her employment and ultimately when she was terminated. Plaintiff also claims that she was treated by the Defendants differently than similarly-situated males in violation of her Equal Protection rights under the Fourteenth Amendment; specifically, that she was not given the same employment opportunities as males. *Andrews v. City of Philadelphia,* 895 F. 2d 1469 (3rd. Cir. 1990).

I. **STIPULATIONS**

None other than the Statement of Facts.

J. **NUMBER OF TRIAL DAYS**

4 Days.

K. **OTHER PERTINENT MATTER**

Counsel for both parties have agreed to address two potential evidentiary issues if and when the issues arise at trial. In this event, the parties have agreed the issues will be brought to the attention of the court and a request will be made for disposition of the issue or issues out of the presence of the jury.

L. **EXHIBIT LIST**

See attached list.

M.  **SPECIAL VERDICT QUESTIONS**

None.

    Respectfully submitted,

    HARTMAN, HARTMAN, HOWE & ALLERTON

By: _____
    Andrew N. Howe, Esquire
    Id. No. 56337
    P.O. Box 4429
    2901 St. Lawrence Avenue
    Reading, PA 19606
    (610) 779-0772
    Fax (610) 779-7473
    Attorneys for Plaintiff Robin Costenbader-Jacobson

# EXHIBIT LIST

JUDGE : Kane                                              CASE NUMBER: 1:CV-00-1269

| Plaintiff | Defendant | Description of Item | Identified | Evidence | Ruling | Witness |
|---|---|---|---|---|---|---|
| 1 | | Personal data summary, Resume | | | | |
| 2 | | 12/5/97 Letter of Hire | | | | |
| 3 | | Job description for Deputy Executive Director of Lotteries | | | | |
| 4 | | Plaintiff's handwritten journal | | | | |
| 5 | | Desk calendar of plaintiff (dates from 12/1/97 – February, 1999) (dates from 12/1/97 – February, 1999). | | | | |
| 6 | | 11/12/97 Judge to Pease memo re: Costenbader hire (1 page) | | | | |
| 7 | | 10/7/97 Memo from Ms. Kay regarding break times | | | | |
| 8 | | List of discrimination events | | | | |
| 9 | | 3/3/98 handwritten note of plaintiff | | | | |
| 10 | | 7/21/98 memorandum to Division Directors from Ms. Williams, with attached organization charts | | | | |
| 11 | | 5/19/98 memo to Mr. Cook from Ms. Costenbader-Jacobson | | | | |
| 12 | | 5/26/98 memo to Ms. Costenbader-Jacobson from Mr. Cook | | | | |
| 13 | | May 26, 1998 Cook to Costenbader memo with notations (3 pages) | | | | |
| 14 | | 6/30/98 Costenbader Memo to Drew | | | | |
| 15 | | 7/1/98 Costenbader to Cook memo re: "Travel Schedule" (without handwriting) | | | | |
| 16 | | 7/1/98 letter to Mr. Judge from Ms. Costenbader-Jacobson | | | | |
| 17 | | 7/19/98 memo to Mr. Drew from Ms. Costenbader-Jacobson | | | | |

# EXHIBIT LIST

JUDGE :   Kane

CASE NUMBER:  1:CV-00-1269

| | | | | | |
|---|---|---|---|---|---|
| 18 | Costenbader-Jacobson with attachments (8 pages) | | | | |
| 19 | 7/19/98 Costenbader to Drew memo re: Lottery's Computer Services Division; with attachment | | | | |
| 20 | 7/19/98 Costenbader to Meehan memo re: Meeting – June 29, 1998 (1 page) | | | | |
| 21 | 7/16/98 note of plaintiff for meeting (1 page). | | | | |
| 22 | Six-month status report of plaintiff (2 pages) | | | | |
| 23 | June 29, 2998 Costenbader to Cook fax (2 pages) | | | | |
| 24 | Scheduled "Update" Meetings cancelled by Cook memo. (2 pages) | | | | |
| 25 | Costenbader initial PHRC Complaint | | | | |
| 26 | Letter dated February 11, 1999 from Mr. Judge to Costenbader-Jacobson | | | | |
| 27 | Outline for meeting with Mr. Cook and Ms. Costenbader-Jacobson | | | | |
| 28 | 7/20/98 memo with handwritten note to Mr. Drew from Ms. Miller | | | | |
| 29 | 3/5/98 notes re: meeting (1 page). | | | | |
| 30 | 3/10/98 notes of meeting (2 pages) | | | | |
| 31 | 7-page handwritten notes dated 7/16/98 | | | | |
| 32 | 4-page handwritten notes dated 7/16/98 | | | | |
| 33 | 2/2/99 memo to Mr. Paese from Mr. Judge | | | | |
| 34 | 2/11/99 letter to Mr. Cook from Mr. Judge | | | | |
| 35 | 10/28/99 letter to Mr. Judge from Mr. Cook | | | | |
| 36 | 6/8/98 memo to Ms. Costenbader-Jacobson from Mr. Taylor | | | | |
| | 6/30/98 memo to Ms. Swain from Ms. Costenbader-Jacobson with handwritten | | | | |

# EXHIBIT LIST

JUDGE : Kane

CASE NUMBER: 1:CV-00-1269

| # | Description | | |
|---|---|---|---|
| 37 | alterations | | |
| | 2/10/99 Memo to Mr. Taylor from Ms. Costenbader-Jacobson | | |
| 38 | 7/8/98 memo to Ms. Swain from Ms. Costenbader-Jacobson | | |
| 39 | Miscellaneous handwritten notes of plaintiff regarding Cheryl Swain (5 pages) | | |
| 40 | 8/10/98 Memo from Mr. Cook regarding leave policy | | |
| 41 | August 11, 1999 cover letter re: Job Opportunity | | |
| 42 | 6-page Oppenheimer fund document re: liquidation of account | | |
| 43 | Putnam Investments documents (6 pages) | | |
| 44 | 1999 Income Tax Return | | |
| 45 | December 9, 1999 Carman to Costenbader letter re: Position at Junior Achievement | | |
| 46 | October 23, 1998 Shaub to Costenbader memo re: cellular phone costs (1 page) | | |
| 47 | Bills for attorneys fess incurred by plaintiff | | |

## CERTIFICATE OF SERVICE

    ANDREW N. HOWE, ESQ. verifies that a true and correct copy of Plaintiff's Pretrial Memorandum has been forwarded to counsel noted below:

R. Douglas Sherman, Esquire
Sr. Deputy Attorney General – Litigation Section
Office of the Attorney General – Civil Division
15th Floor – Strawberry Square
Harrisburg, PA 17120

    via facsimile and first class mail, postage prepaid on this 18th day of September, 2002. He understands that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

HARTMAN, HARTMAN, HOWE & ALLERTON

By_____
Andrew N. Howe, Esquire
Pa. I.D. # 56337
2901 St. Lawrence Avenue, P.O. Box 4429
Reading, PA 19606